LODGED

2008 AUG 19 AM 10:07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____



FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 28 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECT PRODUCE, INC., a corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>VIEN DONG, INC., a corporation d/b/a SUPERFOOD WAREHOUSE, d/b/a VIEN DONG III, d/b/a/ VIEN DONG III INTERNATIONAL SUPERMARKET, d/b/a VIEN DONG III SUPERFOOD WAREHOUSE; KIA TRAN, an individual; and LUCILLE TRAN, an individual,<br><br>          Defendants. | Case No.:<br><br>**CV08-05421 MMM (RZx)**<br><br>**ORDER RE PRELIMINARY INJUNCTION** |

This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Plaintiff DIRECT PRODUCE, INC. (hereinafter referred to as "DP" or "Plaintiff") is a produce dealer and creditor of Defendants VIEN DONG, INC., a corporation d/b/a SUPERFOOD WAREHOUSE, d/b/a VIEN DONG III, d/b/a/ VIEN DONG III INTERNATIONAL SUPERMARKET, d/b/a VIEN DONG III SUPERFOOD

1  WAREHOUSE ("VD"); KIA TRAN ("TK"), an individual; and LUCILLE TRAN
2  ("LT"), an individual (collectively referred to as "Defendants") under Section 5(c) of the
3  Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c).  Defendants
4  have not paid $58,394.87 due to Plaintiff for produce purchased by Defendants as
5  required by the PACA.  Plaintiff also established to the Court's satisfaction that
6  Defendants are in severe financial jeopardy and the PACA Trust is being threatened with
7  dissipation.  Based upon the affidavits and certification of Plaintiff and Plaintiff's
8  counsel, it appears that Defendants are not or may not be in a position to pay Plaintiff's
9  PACA claim.

10        The pleadings and supporting documents on file establish the Defendants either
11  dissipated the PACA Trust or have presented a sufficient threat of dissipation of such
12  trust to warrant the relief granted in this Order.  On the basis of the pleadings, affidavits
13  and other documents submitted to the Court, it appears the Plaintiff will suffer immediate
14  and irreparable injury due to Defendants' dissipation of the statutory trust created
15  pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of
16  injunctive relief.

17        Upon review of the Complaint of Plaintiff on file in the above-titled action,
18  Plaintiff's *ex parte* application for injunctive relief, the declarations, exhibits and
19  Memorandum of Points and Authorities in Support of Plaintiff's Motion for a Temporary
20  Restraining Order and/or Preliminary Injunction and Plaintiff's Supplemental
21  Memorandum of Points and Authorities and the exhibits attached there, all documents on
22  file with the Court, this Court has determined that Plaintiff has shown that absent an
23  injunction, Plaintiff will suffer irreparable harm from the danger of dissipation of assets
24  subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C.
25  §499a-q *et seq* ("PACA").  Further, Plaintiff, a valid PACA trust creditor, has
26  demonstrated a likelihood of success on the merits.

27        IT IS HEREBY ORDERED that Defendants, and each of them, be and hereby are
28  preliminary enjoined during the pendency of this action, pursuant to Rule 65 of the

1 Federal Rules of Civil Procedure, from engaging in, committing, or performing directly
2 and indirectly, any and all of the following facts:
3     A.    Removing, withdrawing, transferring, assigning or selling to any other
4 person or entity, the proceeds from the sales of any or all existing or future inventories of
5 food or other products derived from perishable agricultural commodities and/or receipts
6 of payment for such commodities sold prior to the date of this order and/or otherwise
7 disposing of assets, books or funds;
8     B.    Taking any other action whatsoever which causes, has the effect of causing,
9 or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;
10     C.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)
11 through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural
12 Commodities Act ("PACA")].
13     IT IS FURTHER ORDERED that Defendants, their officers, directors, bankers,
14 agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons
15 acting in concert with them, shall within 24 hours after being served with this Order
16 deposit into the trust account of Plaintiff's counsel, Lois Rubin, Esq. of Rynn &
17 Janowsky, LLP, PACA Trust assets in the amount of at least $61,850.17, which includes
18 the amount of the PACA trust principal owing to Plaintiff of $58,394.87, plus finance
19 charges accrued through August 19, 2008, in the amount of $915.30, plus reasonable
20 attorney's fees in the amount of $2,190.00, plus filing fees of $350.00.
21     IT IS FURTHER ORDERED that during the pendency of this action, Defendants,
22 their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and
23 persons acting in concert with them shall be and hereby are prevented from transferring,
24 withdrawing or in any other manner removing PACA trust assets, including funds on
25 deposit in banking accounts held by or on behalf of Defendants, from Defendants'
26 banking accounts, including but not limited to Defendants' accounts number 2260-5509
27 at Chinatrust Bank (U.S.A.), located at 18645 E. Gale Avenue, #150, City of Industry,
28 California, 91748, account number 81303083 and 81315780 at East West Bank, located

1 at 91032 Bolsa Avenue, Westminster, CA 92683, and any other accounts subsequently
2 discovered to be standing in any Defendants' names.

3     IT IS FURTHER ORDERED that during the pendency of this action, Defendants
4 and their counsel, agents, or representatives, shall be preliminary enjoined from engaging
5 in, committing, or performing directly and indirectly, any and all of the following acts:

6     D.    Removing, withdrawing, transferring, assigning or selling to any other
7 person or entity, the proceeds from the sales of any or all existing or future inventories of
8 food or other products derived from perishable agricultural commodities, including, but
9 not limited to growing crops, and/or receipts of payment for products sold prior to the
10 date of this order and/or otherwise disposing of assets, books or funds;

11     E.    Taking any other action whatsoever which causes, has the effect of causing,
12 or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets.

13     F.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)
14 through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural
15 Commodities Act ("PACA")].

16     IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to
17 promptly deposit the sums described above, Defendants shall be and hereby are required
18 and ordered to:

19     G.    Immediately account to the Court and Plaintiff for all assets of the PACA
20 trust from commencement of Defendants' business through the date of this Order.

21     H.    Immediately assign Defendants' inventory of perishable agricultural
22 commodities and produce related receivables to Plaintiff for collection until Plaintiff is
23 fully paid, and deposit and/or deliver complete accounts, records, and information of all
24 of said receivables to Plaintiff's counsel without charge to the trust, and subject to
25 Plaintiff's counsel making a weekly accounting for all receivables received or collected
26 by Plaintiff's counsel in that regard. Plaintiff's counsel shall act as trustee in connection
27 with its duties of collection of the accounts receivable and shall deposit any cash assets of
28 the trust which are collected under this order in a trust account. In Plaintiff's sole

discretion, to the extent necessary to prevent loss of Defendants' inventory of perishable agricultural commodities through decay, over-ripening, spoliation or improper storage or handling; Plaintiff may immediately take possession of any such inventory and sell such inventory through a PACA licensed broker. The proceeds of any such sales shall be held in trust by Plaintiff's counsel pending further order of this court. Any broker retained by Plaintiff or Plaintiff's counsel to effectuate such sales may retain a brokerage commission in an amount reasonable and customary in the produce industry.

I.  Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of growing crops, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiff's counsel as set forth above. Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiff's counsel.

IT IS FURTHER ORDERED that during the pendency of this action, and continuing thereafter, Plaintiff and its counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business and personal financial status from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Order and for enforcement of this Order. Defendants shall, upon 48 hours notice by Plaintiff's counsel, allow inspection and copying of the books and records of said Defendants by Plaintiff or its representatives at Defendants' place of business.

1  IT IS FURTHER ORDERED that during the pendency of this action, Plaintiff shall be entitled to depose, under oath, at reasonable times and places, upon at least 48 hours notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books which Plaintiff is entitled to inspect under this Order, the trust assets or any of Defendants' assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiff before the Preliminary Injunction is effective.

DATED: August 28, 2008

*Margaret M. Morrow*
U.S. DISTRICT COURT JUDGE